DAVID A. HUBBERT
Acting Assistant Attorney General

JEREMY N. HENDON (ORBN 982490)
AMY MATCHISON (CABN 217022)
Trial Attorneys
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:     (202) 353-2466
               (202) 307-6422
Fax:           (202) 307-0054
E-mail: Jeremy.Hendon@usdoj.gov
        Amy.T.Matchison@usdoj.gov
        Western.Taxcivil@usdoj.gov

BRIAN J. STRETCH (CABN 163973)
United States Attorney
THOMAS MOORE (ALBN 4305-O78T)
Chief, Tax Division
COLIN C. SAMPSON (CABN 249784)
Assistant United States Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
Telephone: (415) 436-7020
Email:  Colin.Sampson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Petitioner, | **PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS** |
| v. | |
| COINBASE, INC., | |
| Respondent. | |

The United States of America, through undersigned counsel, petitions this Court for an order enforcing an Internal Revenue Service summons served on respondent Coinbase, Inc.,

(Coinbase) pursuant to 26 U.S.C. § 7602.

In support of this petition, the United States alleges as follows:

1. This is a proceeding brought pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code (Title 26, United States Code) for judicial enforcement of an IRS summons described below.

2. The Court has jurisdiction over this proceeding pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code and 28 U.S.C. §§ 1340 and 1345.  Venue properly lies within this district.

3. This proceeding is appropriate for assignment to the San Francisco or Oakland Divisions since Coinbase is headquartered in the County of San Francisco.

4. The IRS is conducting an investigation to determine the identity and correct federal income tax liabilities, for the years ended December 31, 2013, 2014, and 2015, of United States persons who conducted transactions in a convertible virtual currency as that term is defined in IRS Notice 2014-21.  Declaration of Senior Revenue Agent David Utzke (Utzke Decl.) at ¶ 2.

5. On November 17, 2016, the United States filed an ex parte Petition seeking this Court's permission to serve an administrative summons upon Coinbase.  *In the Matter of the Tax Liabilities of John Does, United States persons who, at any time during the period January 1, 2013, through December 31, 2015, conducted transactions in a convertible virtual currency as defined in IRS Notice 2014*-21, Docket No. 1, Case No. 3:16-cv-06658-JSC.

6. On November 30, 2016, this Court found that the summons to Coinbase related to "the investigation of an ascertainable group or class of persons, that there is a reasonable basis for believing that such group or class of persons has failed or may have failed to comply with any provision of any internal revenue laws, and that the information sought to be obtained from the examination of the records or testimony (and identities of the person with respect to whose liability the summons is issued) are not readily available from other sources." *Id*. at Docket No. 7.  Having so found, the Court gave the IRS permission to serve the summons upon Coinbase. *Id.*

7. David Utzke is a Senior Revenue Agent assigned to the IRS's Offshore Compliance Initiatives program.  Bryan Stiernagle is a Program Manager (International Programs) assigned to the

Petition to Enforce Internal
Revenue Service Summons                   2

IRS's Offshore Compliance Initiatives program.  Utzke Decl. ¶¶ 1, 4.

8.  In furtherance of the investigation for the years ended December 31, 2013, 2014, and 2015, in accordance with 26 U.S.C. § 7602, on December 6, 2016, a summons was issued directing Coinbase to appear at 450 Golden Gate Avenue, San Francisco, California 94102 on January 9, 2017, at 9:00 a.m. and to produce for examination books, records, papers and other data as described in the summons.  Utzke Decl. ¶ 5.

9.  In furtherance of the investigation, in accordance with 26 U.S.C. § 7609(f), and pursuant to this Court's Order, an attested copy of the summons was served on Coinbase.  Pursuant to the agreement of the parties, counsel for Coinbase, Grant P. Fondo, accepted service of the summons on December 8, 2016.  Utzke Decl. ¶ 6.

10.  Despite discussions between the parties, Coinbase has failed to comply with the summons and has not produced the books, records, papers, and other data demanded in the summons.  Coinbase's failure to comply with the summons continues to this date.  Utzke Decl. ¶¶ 37-38.

11.  The books, records, papers, and other data demanded in the summons are not already in the possession of the IRS.  Utzke Decl. ¶ 38.

12.  The information sought in the summons may be relevant to the IRS's investigation into the identities and federal tax liabilities of virtual currency users who have failed or may be failing to comply with their federal tax obligations.  Utzke Decl. ¶¶ 26-35.

13.  All administrative steps as required by the Internal Revenue Code for issuance and service of the summons have been followed.  Utzke Decl. ¶ 39.

14.  The identities of the John Does are unknown.  Accordingly, the IRS does not know whether there is any "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to any unknown John Does for the taxable periods ending December 31, 2013, 2014, and 2015.  Utzke Decl. ¶ 40.

15.  In order to obtain enforcement of a summons, the petitioner must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps

required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The Government's burden under *Powell* is a slight one and is typically satisfied by a sworn declaration from the IRS that the requirements for enforcement articulated in *Powell* have been met. *See Fortney v. United States,* 59 F.3d 117, 120 (9th Cir. 1995)(citing *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1414 (9th Cir. 1993); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).

16. In further support of this Petition and incorporated herein by reference, the United States submits the Declaration of Senior Revenue Agent David Utzke with the exhibits attached thereto. The United States has met the *Powell* factors through these documents.

WHEREFORE, petitioner, the United States of America, seeks the following relief:

A. That this Court enter an order directing Coinbase to show cause in writing why it should not fully comply with and obey the aforementioned summons;

B. That this Court enter an order directing Coinbase to appear before Senior Revenue Agent Utzke, or any other proper officer or employee of the Internal Revenue Service, and produce for examination books, records, papers and other data as required by the summons;

C. That the United States of America recover its costs in this action; and

D. That the Court grant such other further relief as it deems just and proper.

Dated this 16th day of March, 2017.

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Jeremy N. Hendon*
*/s/ Amy Matchison*
JEREMY N. HENDON
AMY MATCHISON
Trial Attorneys, Tax Division
U.S. Department of Justice

BRIAN J. STRETCH
United States Attorney
Northern District of California

*/s/ Colin C. Sampson*
COLIN C. SAMPSON
Assistant United States Attorney, Tax Division

Petition to Enforce Internal
Revenue Service Summons                4