| | |
|---|---|
| 1 | EMMANUEL RAYES (CABN 304,934) |
| 2 | **Rayes Law** |
|   | 1450 2nd Street, Suite 345 |
| 3 | Santa Monica, California 90401 |
|   | Telephone: (424) 316-5081 |
| 4 | Email: RayesLaw@ProtonMail.com |
| 5 | Attorney for Proposed Intervenor John Doe 3 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. 3:17-CV-01431-JSC |
|---|---|
| Plaintiff, | **REPLY TO UNITED STATES' OPPOSITION TO JOHN DOE 1, 2, AND 3'S MOTION TO INTERVENE** |
| vs. | |
| COINBASE, INC., | Date: June 29, 2017 |
| Defendant. | Time: 9:00 a.m. |
| | Courtroom: F, 15th Floor |
| | Judge: Hon. Jacqueline Scott Corley |

TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ...................................................................................1

II. ARGUMENT ................................................................................................................1

    A. Intervention is Necessary to Protect the Interests of Justice and Promote Judicial Efficiency Under FRCP 24(a) ........................................................................1

        1. Proposed Intervenor's Motion to Intervene is Timely ............................2

        2. Proposed Intervenor Has Significant Protectable Interests in the Underlying Litigation ..........................................................................2

        3. The Disposition of This Action Might Impair Proposed Intervenor's Significantly Protectable Interests .........................................................2

        4. Existing Parties Do Not Adequately Represent Proposed Intervenor's Interests .................................................................................................3

    B. Alternatively, In the Exercise of its Broad Discretion, the Court Should Permit Proposed Intervenor to Intervene Under FRCP 24(b) .........................................4

        1. Proposed Intervenor's First Amendment Claim Involves a Common Question of Law or Fact with This Action ............................................4

        2. Granting Intervention Will Not Unduly Delay or Prejudice the Proceeding ...........4

        3. Proposed Intervenor Is Not Required to Establish Article III Standing .................5

III. CONCLUSION .............................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)..........................1

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)..........................3

*Donnelly v. Glickman*, 159 F3d 405, 409 (9th Cir. 1998) ............................................................1

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)...................6

*Lines v. Falstaff Brewing Co.*, 233 F.2d 927, 932 (9th Cir. 1956) ................................................5

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) .............................................................6

*Massachusetts v. EPA*, 549 U.S. 497, 516 (2007) .........................................................................6

*San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) .............4

*Southern Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).......................................4

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ..................................................................6

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001)..........................2, 4

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).............................3

*Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)..............................................3

*U.S. v. Wright Motor Co., Inc*, 536 F.2D 1090 (5th Cir. 1976) ....................................................5

*United States v. City of Los Angeles*, 288 F.3d 391, (9th Cir. 2002) ...........................................2

*United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) ....................................4

*WildEarth Guardians v. Nat'l Park Service*, 604 F.3d 1192, 1198-1201 (10th Cir. 2010).........2

**Statutes**

28 U.S.C. §1331..............................................................................................................................5

5 U.S.C. §702..................................................................................................................................5

**Rules**

Fed. R. Civ. P. 24...........................................................................................................................1

Fed. R. Civ. P. 24(a)(2)...............................................................................................................1, 2

Fed. R. Civ. P. 24(b) ......................................................................................................................4

Fed. R. Civ. P. 24(b)(3)..................................................................................................................5

**Constitutional Provisions**

U.S. Const., Am. 1 ................................................................................................................2, 3, 4, 6

## REPLY TO OPPOSITION TO MOTION TO INTERVENE

Proposed-Intervenor ("Doe 3"), by and through her undersigned attorney, submits this reply to the United States of America's (the "USA") Opposition to the Motions to Intervene filed by John Doe 1 and John Doe 2, Docket No. 10, and John Doe 3, Docket No. 19.

### I. PRELIMINARY STATEMENT

Doe 3 sets forth in the initial memorandum in support of the motion, Docket #19, the reasons why, under controlling precedent, the standards for intervention as of right and for permissive intervention, as established by Fed. R. Civ. P. 24. are fully satisfied. Doe 3 will not repeat those same arguments here rather Doe 3 will reply to the specific claims made by USA in their opposition memorandum, Docket #28.

### II. ARGUMENT

**A. Intervention is Necessary to Protect the Interests of Justice and Promote Judicial Efficiency Under FRCP 24(a)**

Fed. R. Civ. P. 24 reflects a broad and flexible policy of adding a party or allowing intervention whenever necessitated by the interest of justice and judicial efficiency. To seek intervention as of right under Fed. R. Civ. P. 24(a)(2), an applicant must make a four-part showing: (1) their motion is timely; (2) they have a significant protectable interest relating to the transaction that is the subject of the action; (3) they are so situated that the disposition of the action may practically impair or impede their ability to protect their interest; and (4) their interest is not adequately represented by the parties to the action. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006).

Generally, the court should be "guided primarily by practical and equitable considerations" and should "interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F3d 405, 409 (9th Cir. 1998). In *United States v. City of Los Angeles*, 288 F.3d 391, (9th Cir. 2002), the Court affirmed that each of these requirement must be evaluated liberally in favor of intervention.

Doe 3 meets all four of FRCP 24(a)(2)'s requirements and the interests of justice and judicial efficiency strongly favor allowing Doe 3 to become a party in this case.

### 1. Proposed Intervenor's Motion to Intervene is Timely

Doe 3 filed her motion to intervene in a timely manner. USA does not dispute that Doe 3 has timely applied to intervene in this proceeding. Docket #28 at 6. Therefore, Doe 3's motion to intervene is timely.

### 2. Proposed Intervenor Has Significant Protectable Interests in the Underlying Litigation

Whether Doe 3 has a significantly protectable interest is a "practical, threshold inquiry," and "[n]o specific legal or equitable interest need be established." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). "It is generally enough that the interest asserted is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id*. Where organizations and individuals seek to intervene as of right to defend an administrative decision of a federal agency or other federal official, they have the requisite legal "interest" under Fed. R. Civ. P. 24(a)(2) so long as they have a well-defined concern about the property or transaction that is the subject of the administrative action. *WildEarth Guardians v. Nat'l Park Service*, 604 F.3d 1192, 1198-1201 (10th Cir. 2010).

Doe 3 has a significant, legally cognizable, and protectable interest in the instant litigation. As set forth in Doe 3's initial memorandum, Doe 3 as a proponent of convertible virtual currency wishes to defend her rights pursuant to the U.S. Constitution, Amendment 1. In protecting the metadata associated with the records being summoned, Doe 3's U.S. Const., Am. 1 rights represent a legally cognizable significant protectable interest and is at risk of being violated through enforcement of this Summons. Without the ability to intervene Doe 3 and all other Does will be permanently bound on a matter of federal constitutional law.

Therefore, Doe 3 has a significant protectable interest in the underlying litigation.

### 3. The Disposition of This Action Might Impair Proposed Intervenor's Significantly Protectable Interests

"[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). As

*Berg* held, the Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Berg,* 268 F.3d at 822 (quoting Fed. R. Civ. P. 24 advisory committee's notes).

As demonstrated above, the outcome of this action will, as a practical matter, affect Doe 3's ability to protect her rights under the U.S. Const., Am. 1.

Therefore, this requirement is plainly met.

### 4. Existing Parties Do Not Adequately Represent Proposed Intervenor's Interests

The burden of showing inadequacy of representation by existing parties is "minimal", "the applicant need only show that the representation of its interest by existing parties 'may be' inadequate." Berg, 268 F.3d at 823 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Courts consider the following three factors: (1) Whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments' (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary element to the proceedings that other parties would neglect. *Id*.

Here, representation of Doe 3's interests may be inadequate by existing party Coinbase, Inc. ("Coinbase") because Coinbase has not established a position as to the substantive aspects of the Summons and as a result Doe 3 does not know if Coinbase will undoubtedly make or is capable or willing to make such U.S. Const., Am. 1 arguments.

In addition, Doe 3 would offer a necessary element to the proceedings that other parties would neglect because Doe 3 fully understands and accepts that convertible virtual currency, like bitcoin, contains elements of computer science, economics, law and game theory. Doe 3 has moved to intervene at the outset of the litigation, and seeks to complement the efforts of current parties while bringing unique and vital experience, expertise and diversity of interest to this important litigation concerning convertible virtual currency.

Therefore, Movant respectfully requests this intervention as of right be granted.

**B. Alternatively, In the Exercise of its Broad Discretion, the Court Should Permit Proposed Intervenor to Intervene Under FRCP 24(b)**

A court may grant permissive intervention when a potential intervenor shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Southern Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (citing *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002). If these threshold requirements are met, deciding whether to grant permissive intervention "is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999). All three threshold requirements are met here.

### 1. Proposed Intervenor's First Amendment Claim Involves a Common Question of Law or Fact with This Action

This court has equal jurisdiction over Doe 3's claims as it has over the existing parties' claims pursuant to 28 U.S.C. §1331. Doe 3's claims plainly share questions of law and fact with existing parties and as discussed above Doe 3's application is timely.

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." 5 U.S.C. §702. Here, relief cannot be denied based on USA assertion of sovereign immunity because Doe 3 is not seeking money damages and is stating a claim that the IRS is failing to act in an official capacity or under color of legal authority.

Therefore, Doe 3 shares a common question of law or fact with this action.

### 2. Granting Intervention Will Not Unduly Delay or Prejudice the Proceeding

Courts must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "A district court's exercise of discretion involves a determination of questions to which no strict rule of law is applicable, but which, by the nature of the

case and the issues in it, must be controlled by the personal judgment of the court." *U.S. v. Wright Motor Co., Inc,* 536 F.2D 1090 (5th Cir. 1976)*; Lines v. Falstaff Brewing Co.*, 233 F.2d 927, 932 (9th Cir. 1956).

Here, allowing Doe 3 to intervene will not unduly delay or prejudice the proceeding because Doe 3 is willing to conduct discovery remotely and will abide by all of the Court deadlines. In addition, Doe 3 is asking for very specific and particular information pertaining to her U.S. Const., Am. 1 rights which will not unduly delay or prejudice the proceeding because this is a very specific request for discovery. Therefore, Doe 3 will not unduly delay or prejudice the proceeding.

### 3. Proposed Intervenor Is Not Required to Establish Article III Standing

"Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'" *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" and limits who may "maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

However, the Ninth Circuit does not require intervenors to establish Article III standing independently.[1] The intervenor may instead satisfy Article III by "piggybacking" onto the standing of a current party that is on the same side of the action. It is undisputed that a case or controversy creating standing exists in this action. Therefore, Movant need not establish an independent basis for Article III standing.

In the event that the Court does not allow "piggyback standing", Doe 3 still satisfies the factors to

---

[1] Ohlendorf, Renee, American Bar Association, *Intervenors Still in Limbo on Standing Requirements*, https://apps.americanbar.org/litigation/litigationnews/top_stories/032612-intervenor-circuit-split.html.

establish Article III standing independently. First, Doe 3 is suffering an injury in fact that is concrete and particularized and actual or imminent because the metadata associated with the identities and transactions records of Coinbase customers is virtual property currently in existence and once discovered the metadata associated with each of those records will be available to access as well. Doe 3 will lose ownership of this virtual property through enforcement of this Summons. Therefore, Doe 3 will suffer an injury in fact.

Second, this injury in fact is fairly traceable to the challenged action of the USA because in the past IRS John Doe summonses were used as harassment tactics against political activists and for the surveillance of individuals. Bitcoin is a convertible virtual currency that has political bias embedded into it and it attracts libertarian type political ideology. Access to the metadata of these Coinbase transactions is a modern evolution of the same type of surveillance used in the past. Technology today is so advanced that enforcement of this Summons will not only reveal the identities and transaction records of Coinbase customers but also their personality type and even as far as their thought processes. Therefore, Doe 3's injury in fact is fairly traceable to the challenged action of the USA.

Third, it is very likely that the injury will be redressed by a favorable decision by this Court by quashing the Summons or simply limiting the scope of the Summons to prohibit any access to the metadata associated with said records.

Therefore, Doe 3 has piggyback standing but can also readily satisfy Article III standing independently.

## III.  CONCLUSION

For the foregoing reasons, and for the reasons set forth in her initial memorandum, Doe 3 respectfully requests that the Court grant her Motion to Intervene.

Dated: June 15, 2017            **Rayes Law**

/ER/
EMMANUEL RAYES (CABN 304,934)
Attorney for Proposed Intervenor John Doe 3

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 15th day of June, 2017, via the Court's ECF system to all users.

Dated: June 15, 2017                          **Rayes Law**

/ER/
EMMANUEL RAYES (CABN 304,934)
Attorney for Proposed Intervenor John Doe 3